UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILKER JOSE NAVAS SILVA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-00936-E-BT |
| | § | |
| WARDEN OF THE | § | |
| PRARIELAND DETENTION | § | |
| CENTER, et al., | § | |
| | § | |
| *Respondents*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Wilker Jose Navas Silva's (Silva) Ex Parte

Motion for Temporary Restraining Order (TRO) (ECF No. 10). For the reasons stated

below, the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed

and prevent irreparable harm to the movant so a court can "render a meaningful

decision after a trial on the merits."[1] To warrant the extraordinary relief of a TRO,

the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of
> irreparable injury; (3) that the threatened injury if the injunction is
> denied outweighs any harm that will result if the injunction is granted;
> and (4) that the grant of an injunction will not disserve the public
> interest.[2]

---

[1] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[2] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

1

Preliminary relief should "not conclusively resolve legal disputes[,]" and thus a TRO is an inappropriate vehicle for granting ultimate relief.[3] Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO.[4]

Silva's TRO seeks to upend these bedrock principles. First, it seeks to change the status quo at the time of the lawsuit. Silva is in ICE custody and wants out.[5] But granting a TRO would just preserve the status quo of Silva being in custody— something he obviously does not want. Additionally, Silva's TRO seeks to conclusively resolve the ultimate legal dispute in this case—whether ICE can detain him. Conclusively deciding legal issues and granting ultimate relief is something courts do not do in TROs.

The Court **DENIES** Silva's TRO request. His habeas petition remains pending.

**IT IS SO ORDERED** this 25th day of March, 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[3] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[4] *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026) (Hendrix, J.) (citing *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025)).

[5] ECF No. 10 at 1.

2